UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HILDA L. SOLIS, Sec'y of Labor, U.S. Dep't of Labor,

               Plaintiff,

v.                                                                                               12-CV-0415
                                                                                                 (GTS/ATB)
RUSTY'S TRUCK SERV., INC. PROFIT SHARING
PLAN
               Defendant.
_____

APPEARANCES:                                                              OF COUNSEL:

UNITED STATES DEP'T OF LABOR                              EVELYN H. CHUNG, ESQ.
  Office of the Solicitor                                              ANDREW M. KATZ, ESQ.
  Counsel for Plaintiff
201 Varick Street
New York, New York 10014

GLENN T. SUDDABY, United States District Judge

## JUDGMENT AND ORDER

      **WHEREAS**, this action was filed by the Secretary of Labor ("the Secretary") pursuant to Title I of the Employee Retirement Income Security Act of 1971 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and by the authority vested in the Secretary by ERISA Section 502(a)(5), 29 U.S.C. § 1132(a)(5) alleging that Rusty's Truck Service, Inc. Profit Sharing Plan ("the Plan") was in violation of ERISA Sections 402 and 403, 29 U.S.C. § 1102 and 1103; and

      I.     The Plan was, and is, an employee benefit plan within the meaning of ERISA Section 3(3), 29 U.S.C. § 1002(3), and was established to provide benefits to employees of the plan sponsor, Rusty's Truck Service, Inc., who were covered by a plan subject to Title I of ERISA; and

II. This Court has subject matter jurisdiction over this action pursuant to ERISA Section 502(e)(1), 29 U.S.C. § 1132(e)(1); venue of this action lies in the Northern District of New York pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2); this Court has personal jurisdiction over the Plan for all purposes relevant to this matter including the entry of this Order pursuant to ERISA Section 502(d)(1), 29 U.S.C. § 1132(d)(1); and at times relevant to this action, the Plan was a defined contribution pension plan qualifying as an employee benefit plan within the meaning of ERISA Section 3(3), 29 U.S.C. § 1002(d); and

III. The Secretary has duly made service on the Plan; and

IV. It appears that the Plan's former administrator and fiduciary, Mr. William D. Carlton, died on May 8, 2006; and

V. Although the Plan and its authorized representatives have not answered or otherwise formally appeared in this matter, Mr. Carlton's estate representative, Frank J. Vavonese, Esq. of Melvin & Melvin, PLLC, has filed a letter advising the Court that the estate has consented to the appointment of a successor administrator and fiduciary for the Plan;

**IT IS NOW THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

1. The status quo of the Plan shall be maintained pending an orderly transfer to the Independent Fiduciary.

2. The Court hereby appoints **M. LARRY LEFOLDT, CPA** as the Independent Fiduciary of the Plan ("the Independent Fiduciary") with authority to administer the Plan, and, if necessary, implement its orderly termination. In performing his duties, the Independent Fiduciary shall have and exercise full authority and control with respect to the management or disposition of the assets of the Plan. The Independent Fiduciary shall collect, marshal, and administer all of the Plan's assets, evaluate all claims outstanding against it, and pay the assets

out to participants and other creditors of the Plan; and take such further actions with respect to the Plan as may be appropriate.

3. The Independent Fiduciary shall have all the powers to do the things that are necessary and appropriate to administer and terminate the Plan.

4. The Independent Fiduciary shall develop a plan for equitable adjudication and payment of outstanding participant claims for benefits. In developing this plan, the Independent Fiduciary shall consider the best interests of participants and beneficiaries of the Plan, and the resources expected to be available to the Plan. The Independent Fiduciary shall not be bound by any current or historic procedures or policies of the Plan which conflict with his or her duties under ERISA.

5. The Independent Fiduciary is empowered to require all custodians or record keepers of the Plan to deliver or otherwise make available to the Independent Fiduciary any information, documents, files, or other compilations, wherever and however stored, that are respecting the disposition of assets of the Plan held by them.

6. The Independent Fiduciary is empowered to give instructions to asset custodians respecting the disposition of assets of the Plan held by them.

7. The Independent Fiduciary shall distribute or cause the distribution of the assets of the Plan in accordance with applicable plan documents and federal law.

8. Upon completing such distribution, the Independent Fiduciary shall consider whether termination of the Plan in accordance with applicable plan documents, ERISA (29 U.S.C. § 1002 *et seq.*), and other applicable federal law is appropriate.

9. The Independent Fiduciary shall be subject to the Orders of this Court.

10. Within twenty days after the date of this Order, the Independent Fiduciary shall submit to the Court for approval his schedule of anticipated fees and expenses for this matter with copies of his submissions to be sent to all parties to this matter. The parties will have five days from receipt to comment on the proposed fee schedule. Upon approval of the fee schedule by the Court, monthly billings will be filed with the Court with copies to the parties. Copies of the monthly billings will be sent to the Secretary at the following address:

> United States Department of Labor
> Employee Benefits Security Administration
> New York Regional Office
> 33 Whitehall Street, 12th Floor
> New York, New York 10004
> Attention: Regional Director

If no objection is made by either the parties or the Court, payment may be made 15 days after notice to the parties is given. If such an objection is made, the matter will be resolved by the Court prior to payment.

11. In the performance of his duties, the Independent Fiduciary may retain such assistance as he may reasonably require, including attorneys, accountants, actuaries, and other service providers.

12. The payment of administrative expenses and fees to the Independent Fiduciary, his assistants, attorneys, accountants, actuaries, and other necessary services providers shall be considered priority administrative expenses of the Plan superior to any other class of expense or obligation. The Independent Fiduciary's second priority shall be the payment of legitimate claims on the Plan by its participants and beneficiaries.

13. The Independent Fiduciary shall not be held personally responsible for any claims against he Plan or which existed, arose, matured, or vested prior to the appointment of the Indpendent Fiduciary.

14. Upon approval by the Court of the Independent Fiduciary's anticipated fees and expenses, this matter shall be deemed closed. However, the Independent Fiduciary may apply to the Court for clarification of this Order or enforcement of this Order's terms.

15. The Independent Fiduciary shall determine whether it is appropriate to obtain a bond pursuant to ERISA Section 412, 29 U.S.C. § 1112, and then obtain a bond consistent with the requirements of ERISA and the regulations issued thereunder. Because the beneficiary of the bond is the Plan, the Plan may pay for the cost of the bond. This provision may be satisfied by the Independent Fiduciary securing coverage for himself under any bond currently in force with respect to the Plan, provided that the bond satisfies the provisions of the Act.

16. Nothing in this Order shall be construed in derogation of the Court's authority over the Independent Fiduciary's actions.

Dated: August 3, 2012
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge